## SCHUSTERMAN v. SCHWARTZ et al.

(Supreme Court, Appellate Division, First Department. November 9, 1900.)

TRIAL—CONFLICTING EVIDENCE—PEREMPTORY INSTRUCTION.
    In an action for assault and battery, plaintiff testified that while in defendants' saloon he was assaulted and beaten by defendants without just provocation, and his evidence was corroborated to some extent by others. Defendants' evidence tended to show that plaintiff was quarreling with a third person, and making a disturbance, and that defendants only quieted the disturbance, but did not assault or injure plaintiff in any way. *Held*, that an instruction for defendants was error, since, where different inferences can be drawn from the evidence, the question is for the jury.

Appeal from trial term.

Action by William H. Schusterman against Max Schwartz and Max Sameth. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, INGRAHAM, McLAUGHLIN, and RUMSEY, JJ.

Max Altmayer, for appellant. .
Leopold Moschcowitz, for respondents.

McLAUGHLIN, J.  This action was brought to recover damages for an alleged assault and battery.  The complaint alleged that the plaintiff, on or about the 15th of February, 1898, while lawfully in the defendant Schwartz's saloon, was, without just cause or provocation, assaulted, beaten, and seriously injured by the defendants, and by reason thereof injuries were sustained, for which damages were demanded in the sum of $3,000.  The answer denied the material allegations of the complaint.  Upon the issue thus formed, the parties went to trial, and it there appeared from the testimony offered on the part of the plaintiff that at the time in question he entered defendants' saloon, and while there, without just cause or provocation, he was assaulted and beaten by both of the defendants, and seriously injured.  His testimony is corroborated in some respects by the testimony of the witnesses Goldenkranz, Hertzog, and Lustig.  The testimony on the part of the defendants was to the effect that the plaintiff got into an altercation with a third person, and undertook to create a disturbance in the defendant Schwartz's place of business, and all that the defendants, or either of them, did was to quiet the disturbance.  The defendants denied that they assaulted the plaintiff, or injured him in any way.

The most casual consideration of the testimony offered by the respective parties shows that a question of fact was presented, which should have been submitted to the jury.  If the story of the plaintiff and his witnesses were true, it was an unjustifiable assault, which entitled him to a substantial recovery; while, on the other hand, if the story as told by the defendants and their witnesses were true, then the force which was used was only such as was sufficient to preserve order in the place.  The general rule is, of course, well settled that where different inferences may be drawn by the jury from the testimony offered, then a question of fact is presented, which must be submitted to them for their determination.  Here the jury might have found either way, and therefore the court was not justified in directing a verdict.  The judgment appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event.  All concur.